## Norfolk

MARCUS ALLEN HARRISON

v.

CITY OF NORFOLK

No. 2206-91-1

Decided June 22, 1993

COUNSEL

George A. Neskis (Decker, Cardon, Thomas, Weintraub & Coureas, on brief), for appellant.

Jack E. Cloud, Assistant City Attorney (Philip R. Trapani, City Attorney, on brief), for appellee.

OPINION

**BAKER, J.**—Marcus Allen Harrison (appellant) appeals from a judgment of the Circuit Court of the City of Norfolk (trial court) that approved a jury verdict convicting him for visiting a bawdy place for immoral purposes in violation of Norfolk City Code § 29-24. The sole issue presented by this appeal is whether the evidence is sufficient to show that the Sea King Motel parking lot is a bawdy place as defined by Virginia Code § 18.2-347 and Norfolk City Code § 29-24. Finding sufficient evidence, we affirm the judgment of the trial court.

Upon familiar principles, we consider the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

The statement of facts certified by the trial court in lieu of a transcript discloses that two Norfolk police officers, R. S. Farrell, a Vice and Narcotics Division investigator, and J. C. Wright, assigned to the Norfolk Police Department's Second Precinct, were working an undercover prostitution detail in the area of the Sea King Motel (motel). Farrell explained that a prostitution detail is conducted by sending an undercover, plain-clothes police officer in an unmarked car into an area known for prostitution in expectation that the undercover officer will be solicited for prostitution. Wright's assignment was to act as undercover officer, wearing a wireless transmitter that would enable Farrell to hear any conversation that took place between Wright and a prostitute. By way of the transmitter, Farrell heard Wright indicate that he was being "hailed" and was going to "pull over" in an area near the motel. Farrell then heard, by radio, the following:

Defendant: What's up?

Officer Wright: I'm looking for a date. Are you working?

Defendant: Yes. Are you a cop?

Officer Wright: No.

Defendant: What do you want?

Officer Wright:   How much is a blow job?

Defendant:   How much money do you have to spend?

Officer Wright:   $30.00.

Defendant:   Ok.

As appellant asked Wright what he wanted, appellant reached in the automobile and felt Wright's crotch. Following the agreement, appellant suggested that Wright go to appellant's room in the Sea King Motel. They then drove to that motel's parking lot. When the car stopped, Farrell came up and arrested appellant for ''visiting a bawdy place and soliciting for prostitution.''

The statement of facts further discloses that the Sea King Motel has a general reputation as a place where prostitution is conducted. The police department had received numerous complaints relating to those activities, pursuant to which numerous arrests and convictions had been made.

Norfolk City Code § 29-24 provides:

**Sec. 29-24. Bawdy places.**

(a) It shall be unlawful and a Class 1 misdemeanor for any person to keep any bawdy place, or to reside in or at or visit, for immoral purposes, any bawdy place. Each and every day such bawdy place shall be kept, resided in or visited shall constitute a separate offense. In a prosecution under this section, the general reputation of the place may be proved.

(b) As used in this section, the term ''bawdy place'' shall mean any place, within or without any building or structure, which is used or is to be used for lewdness, assignation or prostitution.

That section of the City Code parallels Virginia Code § 18.2-347.

■ To reach our decision in this case we must construe the statute and the parallel ordinance. In the construction of legislative enactments, the primary objective is to ascertain and give effect to legislative intent. *Tiller v. Commonwealth*, 193 Va. 418, 420, 69 S.E.2d 441, 443 (1952). A related principle is that the plain, obvious and rational meaning of a statute is always preferred to any curious, narrow or strained construction. *Id.*

There can be no doubt that the purposes of the statute and ordinance are to suppress prostitution and to put a ban on *any place* where persons go for that purpose. *See Bennett v. Commonwealth*, 182 Va. 7, 28 S.E.2d 13 (1943); *Trent v. Commonwealth*, 181 Va. 338, 25 S.E.2d 350 (1943). The Code and ordinance define a "bawdy place" as *"any place,* within or *without any building* or structure, which is used or is to be used for lewdness, assignation or prostitution." The motel is clearly shown to be a bawdy place. The parking lot falls within the definition of "any place" without that motel building and, therefore, falls within the definition of "bawdy place."

Appellant bases his defense upon the fact that he was arrested in the parking lot before reaching his room in the motel, and, therefore, argues that he visited only the parking lot of a bawdy place, not a bawdy place itself. He concedes that if he and the officer had reached appellant's room *within* the motel, the evidence would have been sufficient to support his conviction. However, he argues that, under the facts, the word "without" contained in the ordinance does not include the parking lot as a place "visited for immoral purposes." We hold that once the contract had been made to go to a reputed bawdy place for an immoral purpose, the ordinance was violated when the parties arrived at the parking lot. They were then visiting a bawdy place for the specific immoral purpose that the statute and ordinance are intended to suppress. The consummated act is not required.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, J.,* and Willis, J., concurred.

---

* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.